# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| THE TULALIP TRIBES, and THE CONSOLIDATED BOROUGH OF QUIL CEDA VILLAGE,<br><br>　　　　　　　　Plaintiffs,<br>　and<br><br>THE UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff-Intervenor,<br><br>　v.<br><br>THE STATE OF WASHINGTON, Washington State Governor JAY INSLEE, Washington State Department of Revenue Director VIKKI SMITH, SNOHOMISH COUNTY, Snohomish County Treasurer KIRKE SIEVERS, and Snohomish County Assessor LINDA HJELLE,<br><br>　　　　　　　　Defendants. | No. 2:15-cv-00940-BJR<br><br>ORDER DENYING PLAINTIFFS' AND DEFENDANTS' *DAUBERT* MOTIONS |

This matter comes before the court on several motions brought by the parties seeking to exclude each other's witnesses pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The plaintiffs, consisting of the Tulalip Tribes and the Consolidated Borough of Quil Ceda Vlillage ("Tulalip") and the Plaintiff-Intervenor, the United States ("Plaintiffs") move to exclude the testimony of Dr. Justin Marlowe (ECF 157), Michael Hodgins (ECF 158), and Mukesh Bajaj (ECF 156). Defendants, the State of Washington and Snohomish County ("Defendants"), not to be outdone, move to exclude the testimony of Jason Bass (154), Dr. Joseph

Kalt (ECF 150), Dr. James Hines, Jr. (ECF 146), and Ian Smith (ECF 151). The Court has reviewed the briefing of the parties and concludes that the motions will be DENIED.

Although *Daubert* refers to the "trier of fact," it is evident from the opinion and subsequent cases that the concerns about expert testimony and the need for a court review in order to assure that only qualified experts testify are most relevant in jury cases. This case being a bench trial, the court will be able to hear the testimony of the parties' experts and, with the benefit of cross-examination, ascertain whether the testimony meets *Daubert* requirements and also ascertain the weight to be given to each expert's testimony.

The Court will take this occasion to remind counsel that the court will allow only one expert on any given subject. Repetitive testimony will not be permitted. Counsel shall reexamine their witness lists to make sure that repetitive testimony does not occur.

Furthermore, having reviewed the proposed content of witness Ian Smith as presented in plaintiffs' briefing, the Court is of the opinion that his testimony would best be proffered in written format not to exceed 20 pages. Any reply should not exceed 20 pages.

IT IS SO ORDERED.

Dated this 27th day of November, 2017.

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge