THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE TULALIP TRIBES and THE CONSOLIDATED BOROUGH OF QUIL CEDA VILLAGE, Plaintiffs, | NO. 15-CV-940 BJR |
| THE UNITED STATES OF AMERICA, Plaintiff-Intervenor, | ORDER RE: JOINT PRETRIAL STATEMENT |
| v. | |
| THE STATE OF WASHINGTON, *et al.,* Defendants | |

The Court is in receipt of the parties' Joint Pretrial Statement and Appendices A-C ("JPS"). The JPS lists over 30 deposition designations the parties intend to submit; identifies nearly 85 witnesses; and in the 188-page Appendix C, lists thousands of proposed exhibits and hundreds of objections thereto. It is apparent from these submissions that the parties have misunderstood the purpose and scope of a pretrial conference, and failed to appreciate the limitations of a 10-day trial. To name just a few problems with the parties' submissions, the Court simply does not have the resources, or the time left before trial, let alone before the Final Pretrial Conference on May 4, to review and rule on hundreds of admissibility objections, and there is no conceivable way that for a 10-day trial the parties can ask the Court to evaluate 85 witnesses, thousands of exhibits, and dozens of deposition designations.

In short, the parties have failed to present the Court with a workable trial plan, which is essential to the fair and efficient operation of a trial. Therefore, the parties are directed to submit an amended Joint Pretrial Statement no later than April 27, 2018, which shall include, at the very least, the following:

First, the parties shall return to their unfinished task of narrowing the list of exhibits that they actually intend to offer at trial. The purpose of this exercise is to streamline the introduction of exhibits during the trial, and to reduce the trial time necessary to rule on admissibility; the parties' failure to present a carefully tailored, workable list at this stage simply means less time during trial for substantive issues. The parties are reminded that cumulative, irrelevant, and speculatively or marginally probative material will not be countenanced. The parties are further directed to provide the Court, no later than April 27, with electronic copies of the disputed exhibits so that the Court may evaluate their admissibility, to the extent possible, before trial.[1]

Failure of the parties to make meaningful reductions in the list of disputed exhibits will force the Court to impose its own limits, with an outcome that is likely to displease all parties.

Second, the Court directs the parties to exercise the same selectiveness with their deposition designations as they are being directed to exercise with their exhibit list. The parties are cautioned that they should not plan on circumventing a limitation on live witness testimony at trial by submitting an unreasonable volume of deposition designations. Again, in the absence of the parties' restraint, the Court will be forced to impose its own reasonable limits.

Third, the parties are reminded, for at least a second time, that cumulative expert testimony will not be allowed. Attempts to offer it will be subject to sanction.

Fourth, the JPS outlines dozens of disputed legal issues, and lists some 1,400 stipulated facts. What the Court needs at this point is a short and plain statement of the disputed material

---

[1] Counsel shall contact chambers directly to discuss the best format by which this can be accomplished.

facts the Court will be asked to evaluate at trial. The parties shall jointly prepare and include such statement in their amended JPS, which statement shall not exceed one page.

The Court takes this opportunity to rule on several outstanding matters raised in the JPS. Plaintiffs have asked that the Court permit the submission of rebuttal expert reports "concurrent with the affirmative expert reports and testimony to which they pertain." Defendants object and ask that such reports be offered only in rebuttal to their case in chief. Rebuttal reports will not be allowed except in rebuttal, as their name suggests.

As to expert Ian Smith, the Court has already ruled that Mr. Smith's direct testimony may be given by expert report. Plaintiffs shall serve that report no later than May 4, 2018. Defendants may serve their response to that report no later than May 10, 2018. The Court denies Plaintiffs' request to submit a written reply to Defendants' response, as any unresolved issues concerning the testimony may be addressed at trial.

Absent a showing of good cause for live testimony, the direct testimony of all expert witnesses shall be by written report.

The parties should be prepared at the May 4 pretrial conference to discuss any attempts they have made to return to settlement negotiations since the October 2016 mediation; to help the Court evaluate whether further mediation would be productive; and, subject to such evaluation, to be ordered to a final mediation before trial.

In light of the excessive number of pretrial issues that remain unresolved, the Court hereby schedules a second day on which to continue the Pretrial Conference, if it becomes necessary, for May 10, 2018, at 10:30 a.m.

Signed this 23rd day of April, 2018.

_Barbara J. Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge